OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Mr. T.M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-7258
Re: Whether teachers employed in public
schools of Eastland County may accept
part-time employment as teachers in the
Eastland County Vocational Schools for
G.I.'s.

We acknowledge receipt of your letter of recent date on behalf of Mr. Homer Smith, County School Superintendent of Eastland County, requesting an opinion from this department as to the above stated question.

From a letter written by Mr. Smith, in reply to a request by us for further information, the following facts appear:

1. The Eastland County Vocational School for G.I.'s was organized to help meet the needs of returning veterans in adjusting themselves to civilian life by providing vocational training for such veterans. The school was sponsored by the Board of School Trustees of Eastland County, who are responsible to the State Board for Vocational Training for the efficient management and operation of the school. The said trustees have appointed a supervisory board, and have delegated to such board authority for the hiring of teachers for such G.I. Vocational School.

2. The Veterans Administration of the Federal Government pays tuition fees to the said G.I. vocational school for the veterans attending such school, said fees being remitted monthly by a U.S. Treasury vocher payable to the Eastland County Vocational School for G.I.'s for the purpose of paying teachers' salaries and other operating expenses of said school. No state or county funds whatsoever are used to operate the said school.

3. The Eastland County Vocational School for G.I.'s has no connection with the public school system of this State and, subject to the above stated facts, is a private school.

In regard to the question at issue, we quote from Mr. Smith's letter as follows:

"There are full-time, capable teachers in the State Aid Schools of this county who would be available to the vocational school on a part-time basis, as the classes in the vocational school are held at night, if they can be so employed and the State Aid Schools not be jeopardized in any manner.

"We would like to know whether or not we can give a full time teacher in a State Aid school parttime teaching in the G.I. school and not jeopardize or penalize in any manner the State Aid School."

An examination of Ch. 361, Acts 1945, 49th Legislature (the Current School Aid Act) reveals that paragraph 4, Section 1, Art. 1 of said Act contains the following provision:

"No school district will be eligible for any type of aid, except tuition aid under the provisions of this Act, which pays any salary above those specified in this Act from any State, local or Federal funds whatsoever except Federal funds used to supplement salaries of Vocational agriculture, Home Economics and Trade and Industries teachers and funds from the FEDeral Lanham Act."

The above-quoted provision, however, does not apply to the situation presented in this opinion, since the payment of Federal funds for the salaries of the teachers in the G.I. vocational school is not made through any school district, but is made directly from the U.S. Treasury to the G.I. vocational school (such school, as hereinabove stated, having no connection with the State public school system). We find no other provisions in the School Aid Act which could be interpreted to deny equalization aid to State Aid Schools when the teachers of such schools accept part-time employment in such G.I. Vocational School.

We have been unable to find any constitutional or statutory objection to the acceptance of part-time teaching in a school such as the G.I. Vocational School by teachers who are at the same time regularly employed in the public schools of the State.

Sections 33 and 40 of Article 16 of the State Constitution are not applicable to the present situation, for the accounting officers of the State are not called upon to pay any warrant in the purview of Section 33 to the holders of either a position as public school teacher or as teacher in the G.I. School, and, as held in several prior opinions of this Department (0-371, 0-5087), a public school teacher does not hold such an office of emolument in the purview of Section 40 as would prohibit his accepting a position as teacher in the G.I. School, nor do we find any inconsistency or incompatibility between the duties involved in the two positions.

You are therefore advised that your question is answered in the affirmative, viz: that teachers employed in the public schools of Eastland County may at the same time accept part-time employment as teachers in the Eastland County Vocational School for G.I.'s without penalizing in any manner equalization aid to the county public schools.

Trusting that we have satisfactorily answered your question, we remain

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By:   s/W.N. Blanton, Jr.
      W.N. Blanton, Jr.
      Assistant

WNB:rt:wc

APPROVED OCT 18, 1946
s/ Harris Toler
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee by s/WVG Chairman